# G. ALLEN WALSH
*Attorney at Law*

601 Napoleon St., Baton Rouge, LA 70802　|　T: 225.381.9305　|　Email: gallenwalshlaw@gmail.com

March 28, 2017

*Via Certified Mail* 7099 3400 0002 6018 7930
Mr. Matt Weinheimer
*Division Sales Manager*
**JOHN DEERE**
Agriculture & Turf Division
10789 S. Ridgeview Road
Olathe, KS 66061

　　Re:　Termination Notice

Dear Mr. Weinheimer:

　　Once again, John Deere is showing its "Bad Faith" dealing policy. As we all know, John Deere for the last several years has been operating a master plan to eliminate the number of individual owners it deals with in the State of Mississippi. In terms of the allegations of not maintaining market share, such comments have no basis. For one thing, the sale of a John Deere product is driven in today's market exclusively by the price. Customers shop on the Internet and can determine the best dealer price point in a matter of minutes. John Deere has elected to provide "certain dealers" with better pricing. I would add in violation of the *Robinson-Patman Act*. So, in effect, John Deere controls the market share of sales for an individual dealer like Mr. Jones.

　　Mr. Jones has invested over 40 years of his life in the ownership and operation of his John Deere dealership. In furtherance of that, he has attended practically all John Deere conferences that were applicable to the operation of his company and the furtherance of the sale of John Deere products. He is now learning that he is being excluded from some meetings.

　　If in fact John Deere moves forward with this attempted termination, Richland Equipment Company, Inc. will have to close its door and go out of business. Richland Equipment Company is one of the largest employers in the Centreville, Mississippi area, currently employing 15 people full-time.

　　I have been instructed to take all legal action available to Mr. Jones to prevent the termination of his dealership arrangement. You will recall from his file with John Deere that Deere has attempted to do this in the past, unsuccessfully. Unless I receive written confirmation that the termination notice sent to Mr. Jones by you on February 1, 2017 has been withdrawn

EXHIBIT 20

Mr. Matt Weinheimer
March 28, 2017
Page 2

within 30 days of the date of this correspondence, we will proceed judicially to obtain injunctive relief in the United States District Court for the Southern District of Mississippi. We sincerely hope that this action will not be necessary and that you will allow Mr. Jones to continue his dealership operations without interruption.

We look forward to hearing from you.

Sincerely,

G. Allen Walsh

GAW/*bjs*
cc:   Mr. Jack Jones



John Deere Ag Marketing Center
10789 S. Ridgeview Road
Olathe, KS 66061-6448
phone 913.310.8039 | cell 309-230-4974
fax 913.310.8875
Email: RandallBenjaminL@JohnDeere.com

08 May 2017

**Benjamin L. Randall**
Senior Counsel

**Via Email and US Mail**
Mr. G. Allen Walsh, Esq.
601 Napoleon St.
Baton Rouge, LA 70802

Re:   Richland Equipment Co. Inc.

Dear Mr. Walsh:

Your 28 March 2017 letter to Matt Weinheimer, Division Sales Manager for John Deere was forwarded to me for review and response. I am in-house counsel for John Deere.

As you should know, for quite some time John Deere and Richland have been addressing Richland's failure to maintain adequate sales in the counties and parishes comprising Richland's Area of Responsibility ("AOR"). It was hoped that the process would allow Richland to attain the desired market share in its AOR. These efforts were made pursuant to a settlement agreement dated 13 October 2011 but were unsuccessful and ultimately resulted in the 1 February 2017 termination letter.

After receiving your letter John Deere reviewed the relevant portions of its file for Richland, as well as each of Richland's sales of market share eligible John Deere equipment for the past three years, sales by other dealers into counties and parishes in Richland's AOR, and Richland's current market share versus that of other John Deere dealers in the State of Mississippi. John Deere believes that analysis confirms good cause exists for its decision and therefore stands by its decision to terminate as outlined in the 1 February termination letter. John Deere will proceed with the termination of Richland's dealer agreement, effective 2 August 2017.

I respectfully encourage you to review the sales and market share data and to familiarize yourself with the parties' 13 October 2011 Settlement Agreement and John Deere's dealer pricing structure before your client elects to pursue legal action in this matter as I believe Richland's claims are misguided.

Please direct all future correspondence on this matter to my attention. I welcome the opportunity to discuss this matter further with you.

Sincerely,

Benjamin L. Randall

BLR/teh
cc:   Matthew A. Weinheimer

EXHIBIT 21