IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**RICHLAND EQUIPMENT COMPANY,**
**INC.**                                                                                       **PLAINTIFF**

V.                                    CIVIL ACTION NO. 5:17-CV-88-KS-MTP

**DEERE & COMPANY**                                                          **DEFENDANT**

### ORDER

For the reasons below, the Court **denies** Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction [3].

This case arises from dealer agreements between Plaintiff, a retailer in tractors and other outdoor/agricultural equipment, and Defendant, a manufacturer of such equipment. Plaintiff alleges that Defendant threatened to unlawfully terminate the dealer agreements and discontinue supplying Plaintiff with equipment. Plaintiff alleges that the termination of the dealer agreements will cause the closure of its business. Accordingly, Plaintiff filed this lawsuit, asserting a wide variety of claims, and a Motion for a Temporary Restraining Order and/or Preliminary Injunction [3].

**A.**     *Temporary Restraining Order*

A temporary restraining order is an "extraordinary remedy." *Lakedreams v Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991). Rule 65(b) provides the requirements for obtaining a TRO:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A)     specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or

> damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1). The movant must also show "(1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the [temporary restraining order] will not disserve the public interest." *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). These stringent requirements "reflect the fact that our entire jurisprudence runs counter to the notion of court action take before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Phillips v. Chas. Schreiner Bank*, 894 F.2d 127, 131 (5th Cir. 1990).

Plaintiff's attorney has not certified in writing his efforts to provide notice to Defendant and/or its attorney and the reasons why notice and a hearing should not be required. *See* FED. R. CIV. P. 65(b)(1). Therefore, the Court must deny Plaintiff's motion for a temporary restraining order.

### B. *Preliminary Injunction*

To obtain a preliminary injunction, a Plaintiff must prove the same four elements outlined above. *See Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 452 (5th Cir. 2014). "A preliminary injunction is an extraordinary remedy that should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262,

268 (5th Cir. 2012). And the "court may issue a preliminary injunction only on notice to the adverse party." FED. R. CIV. P. 65(a)(1).

Defendant has not been served, and the record does not demonstrate that any notice has been provided to it. Therefore, the Court must deny Plaintiff's motion for preliminary injunction.

For these reasons, the Court **denies** Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction [3].

SO ORDERED AND ADJUDGED this __18th__ day of July, 2017.

                                                 s/Keith Starrett
                                                UNITED STATES DISTRICT JUDGE