# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**RICHLAND EQUIPMENT COMPANY, INC.**                                   **PLAINTIFF**

**VS.**                                     **CIVIL ACTION NO. 5:17-cv-88 KS-MTP**

**DEERE & COMPANY**                                   **DEFENDANT**

## DEERE & COMPANY'S ANSWER TO AMENDED COMPLAINT

Deere & Company, ("Deere"), submits its answer and defenses to Richland Equipment Company, Inc.'s ("Richland") Amended Complaint (Doc. 30):

### FIRST DEFENSE

Pursuant to 9 U.S.C.A. § 4 and the agreement of the parties to arbitrate "any dispute" this matter should be submitted to binding arbitration as set forth in Deere's Motion to Compel Arbitration (Doc. 10), Memorandum in Support of its Motion to Compel (Doc. 11) and Reply to Response to Motion to Compel (Doc. 18).

### SECOND DEFENSE

Certain claims asserted in the Amended Complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a cognizable claim for relief as set forth in Deere's Motion to Dismiss (Doc. 22) and Memorandum in Support of its Motion to Dismiss (Doc. 23).

### THIRD DEFENSE

Deere answers the individual paragraphs of the Amended Complaint as follows:

1. Denied.
2. Denied.
3. Denied.

4. Denied.

5. Deere admits the allegations in Paragraph 5 based on information and belief.

6. Admitted.

7. Admitted.

8. Admitted.

## JURISDICTION

9. Deere admits this subject matter jurisdiction exists over this controversy but that it should be submitted to arbitration or dismissed for failure to state a cognizable claim for relief.

10. Deere denies as stated the allegations in Paragraph 10 but Deere is not challenging personal jurisdiction in this matter.

11. Admitted.

## BACKGROUND FACTS

12. Admitted.  Deere believes it has fully responded to the allegations of Paragraph 12 but if mistaken in that belief, denies all allegations not specifically admitted in the preceding sentence.

13. Admitted.

14. Deere admits a Commercial Worksite Products Dealer Agreement was entered in 2001 and that Richland accepted the termination after it filed this lawsuit.  This agreement has been terminated.  Deere denies all other allegations in Paragraph 14 due to lack of sufficient information.

15. Admitted.

16. Denied as stated.  Richland and Deere entered into agreements outside of the CP DA and Ag DA and/or established a course of dealing with respect to Richland's AOR.

17. Admitted, except to the extent Richland's representations are inconsistent with the terms of the Dealer Agreements and 2011 settlement agreement, which speak for themselves.

18. Denied.

19. Deere admits Richland refused to sign the 2003 dealer agreement but denies all remaining allegations in Paragraph 19.

20. Denied as stated.

21. Deere admits it received the February 1996 letter referenced in Paragraph 21 and the letter speaks for itself.

22. Deere admits to sending a letter in October of 1998 as alleged in Paragraph 22 and the letter speaks for itself. Deere denies the remaining allegations in Paragraph 22.

23. Deere admits to sending a letter in December of 2006 as alleged in Paragraph 23 and the letter speaks for itself. Deere believes it has fully responded to the allegations of Paragraph 23 but if mistaken in that belief, denies all allegations not specifically admitted in the preceding sentence.

24. Deere admits to sending the letters referenced in Paragraph 24 and the letters speak for themselves. Deere denies as stated the allegations in Paragraph 24. Deere believes it has fully responded to the allegations of Paragraph 24 but if mistaken in that belief, denies all allegations not specifically admitted in the preceding sentence.

25. Deere admits to sending a letter in February of 2008 as alleged in Paragraph 25 and the letter speaks for itself. Deere believes it has fully responded to the allegations of Paragraph 25 but if mistaken in that belief, denies all allegations not specifically admitted in the preceding sentence.

26. Deere admits to sending a letter in December of 2008 as alleged in Paragraph 26 and the letter speaks for itself.  Deere believes it has fully responded to the allegations of Paragraph 26 but if mistaken in that belief, denies all allegations not specifically admitted in the preceding sentence.

27. Deere admits to sending a letter in January of 2009 as alleged in Paragraph 27 and the letter speaks for itself.  Deere believes it has fully responded to the allegations of Paragraph 27 but if mistaken in that belief, denies all allegations not specifically admitted in the preceding sentence.

28. Deere denies the allegations in Paragraph 28.

29. Deere admits that Jennifer Fleck at John Deere sent the email reference in Paragraph 29 and the email speaks for itself.  Deere believes it has fully responded to the allegations of Paragraph 29 but if mistaken in that belief, denies all allegations not specifically admitted in the preceding sentence.

30. Deere admits to sending a letter in February of 2010 as alleged in Paragraph 30 and the letter speaks for itself.  Deere believes it has fully responded to the allegations of Paragraph 30 but if mistaken in that belief, denies all allegations not specifically admitted in the preceding sentence.

31.  Deere admits to sending a letter in October of 2010 as alleged in Paragraph 31 and the letter speaks for itself.  Deere believes it has fully responded to the allegations of Paragraph 31 but if mistaken in that belief, denies all allegations not specifically admitted in the preceding sentence.

32. Deere admits to sending a letter in January of 2011 as alleged in Paragraph 32 and the letter speaks for itself.  Deere believes it has fully responded to the allegations of

Paragraph 32 but if mistaken in that belief, denies all allegations not specifically admitted in the preceding sentence.

33. Deere admits to sending a letter and entering the settlement agreement in October of 2011 as alleged in Paragraph 33 and both documents speak for themselves.  Deere believes it has fully responded to the allegations of Paragraph 33 but if mistaken in that belief, denies all allegations not specifically admitted in the preceding sentence.

34. Deere admits to entering the settlement agreement in October of 2011 and the agreement speaks for itself.  Deere believes it has fully responded to the allegations of Paragraph 34 but if mistaken in that belief, denies all allegations not specifically admitted in the preceding sentence.

35. Deere denies the allegations in Paragraph 35 as stated.

36. Deere admits to sending a letter in February of 2017 as alleged in Paragraph 36 and the document speaks for itself.  Deere believes it has fully responded to the allegations of Paragraph 36 but if mistaken in that belief, denies all allegations not specifically admitted in the preceding sentence.

37. Deere admits to receiving and sending the letters referenced in Paragraph 37 and these documents speak for themselves.  Deere believes it has fully responded to the allegations of Paragraph 37 but if mistaken in that belief, denies all allegations not specifically admitted in the preceding sentence.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied due to lack of information.

44. Admitted based on information and belief.

45. Denied due to lack of information.

## COUNT I

46. Deere incorporates its prior responses as if fully set forth herein.

47. Denied.  See Mississippi Code § 75-77-1 *et seq.* (enacted 1997).

48. Denied.  See Mississippi Code § 75-77-1 *et seq.* (enacted 1997).

49. Deere admits the agreement referenced in Paragraph 49 is one of three agreements defining the relationship between Richland and Deere.  Deere denies all remaining allegations in Paragraph 49.  See Mississippi Code § 75-77-1 *et seq.* (enacted 1997)

50. Denied as stated.  Mississippi retailer agreement laws do not apply to rights fixed before its passage in 1997.  See Mississippi Code § 75-77-1 *et seq.* (enacted 1997).

51. Denied as stated.  Mississippi retailer agreement laws do not apply to rights fixed before its passage in 1997.  See Mississippi Code § 75-77-1 *et seq.* (enacted 1997).

52. Denied as stated.  Mississippi retailer agreement laws do not apply to rights fixed before its passage in 1997.  See Mississippi Code § 75-77-1 *et seq.* (enacted 1997).

53. Denied.

54. Admitted.

55. Denied as stated.  Mississippi retailer agreement laws do not apply to rights fixed before its passage in 1997.  See Mississippi Code § 75-77-1 *et seq.* (enacted 1997).

56. Denied.

57. Denied as stated. Mississippi retailer agreement laws do not apply to rights fixed before its passage in 1997. See Mississippi Code § 75-77-1 *et seq.* (enacted 1997).

58. Denied.

59. Denied.

## COUNT II

60. Deere incorporates its prior responses as if fully set forth herein.

61. Denied. See Mississippi Code § 75-77-1 *et seq.* (enacted 1997).

62. Denied. See Mississippi Code § 75-77-1 *et seq.* (enacted 1997).

63. Deere admits the agreement referenced in Paragraph 63 is one of three agreements defining the relationship between Richland and Deere but denies all remaining allegations. See Mississippi Code § 75-77-1 *et seq.* (enacted 1997).

64. Denied as stated. Mississippi retailer agreement laws do not apply to rights fixed before its passage in 1997. See Mississippi Code § 75-77-1 *et seq.* (enacted 1997).

65. Denied as stated. Mississippi retailer agreement laws do not apply to rights fixed before its passage in 1997. See Mississippi Code § 75-77-1 *et seq.* (enacted 1997).

66. Denied.

67. Deere admits it terminated the CP DA and denies that Deere is not permitted to terminate the CP DA.

68. Denied as stated. Mississippi retailer agreement laws do not apply to rights fixed before its passage in 1997. See Mississippi Code § 75-77-1 *et seq.* (enacted 1997).

69. Denied.

70. Denied as stated. Mississippi retailer agreement laws do not apply to rights fixed before its passage in 1997. See Mississippi Code § 75-77-1 *et seq.* (enacted 1997).

71. Denied.

72. Denied.

## COUNT III

73. Deere incorporates its prior responses as if fully set forth herein.

74. Deere admits that at all times it acted in good faith, honestly, without discrimination, and reasonably with Richland. Deere specifically denies that it violated any implied covenant owed to Richland.

75. Deere specifically denies that it violated any implied covenant owed to Richland.

76. Deere admits the area of responsibility in the Ag DA is described as "the town in which his place of business is located and vicinity" and that the language of the agreement speaks for itself. Deere denies all remaining allegations.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

## COUNT IV

83. Deere incorporates its prior responses as if fully set forth herein.

84. Deere admits that at all times it acted in good faith, honestly, without discrimination, and reasonably with Richland. Deere specifically denies that it violated any implied covenant owed to Richland.

85. Deere specifically denies that it violated any implied covenant owed to Richland.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

## COUNT V

93. Deere denies that it has not worked in good faith with Richland to assist Richland in meeting its market share goals.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

## COUNT VI

98. Deere denies that it has violated 15 U.S.C. § 13(a).

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Deere denies that Richland is entitled to the relief stated in Paragraph 105.

106. Denied.

107. Denied.

## COUNT VII

108. Deere denies that it has violated 15 U.S.C. § 1.

109. Denied.

110. Deere denies that it violated 15 U.S.C. § 1.

111. Denied.

112. Denied.

113. Denied.

114. Deere denies that it violated 15 U.S.C. § 15(a).

115. Denied.

116. Denied.

## COUNT VIII

117. Deere denies that it violated Mississippi Code § 75-21-1 et seq.

118. Denied.

119. Denied.

120. Denied.

## COUNT IX

121. Denied.

122. Denied.

123. Denied.

124. Denied.

## COUNT X

125.    Deere incorporates its prior responses as if fully set forth herein.

126.    Denied.

127.    Denied.

128.    Denied.

129.    Deere denies all allegations in the final unnumbered paragraph in the Amended Complaint beginning with the word "WHEREFORE" and all subparts (1) through (5) and specifically deny that Richland is entitled to any relief from Deere in this matter.

## FOURTH DEFENSE

The causes of action are barred by the running of any applicable statute of limitations.

## FIFTH DEFENSE

Richland's claims for violations of 15 U.S.C. § 13(a) are barred because any alleged price difference or allowance was: in good faith to meet competition, cost justified, resulted in changed conditions, and/or was functionally available to Richland.

## SIXTH DEFENSE

Some or all of Richland's claims are barred by the statute of frauds, including but not limited to Miss. Code Ann. § 15-3-1.

## SEVENTH DEFENSE

Pleading in the alternative only, Richland has failed to mitigate damages, if any.

## EIGHTH DEFENSE

Richland's claims are barred by the doctrine of estoppel, laches, waiver, and/or unclean hands.

### NINTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of merger, waiver or discharge.

### TENTH DEFENSE

Richland's claims are barred in whole or in part by the doctrine of consent.

### ELEVENTH DEFENSE

Richland's claims or requested remedies are barred in whole or in part by ratification.

### TWELFTH DEFENSE

Deere affirmatively pleads and invokes all defenses that may be available to them under the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, et seq.

### THIRTEENTH DEFENSE

Richland's claims are barred in whole or in part by the doctrine of equitable estoppel.

### FOURTEENTH DEFENSE

Richland has not sustained any cognizable injury or antitrust injury by reason of any action of Deere.

### FIFTEENTH DEFENSE

To the extent Richland asserts claims for punitive damages any such claims are barred or limited by the due process clause of the Fourteenth Amendment of the United States Constitution, by Section 14 of the Mississippi Constitution of 1890, by Miss. Code § 11-1-65 (1972), and by the laws of Mississippi, including Miss. Code §75-21-1 et seq. (1972) and Miss. Code § 75-24-1 et seq. (1972).

### SIXTEENTH DEFENSE

Some or all of Richland's claims are barred based on the rationale set forth in *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 97 S.Ct. 2061, 52 L.Ed.2d 707 (1977), which has been adopted by numerous other State Supreme Courts in interpreting their own state antitrust acts, specifically, because the alleged damages, if any, are too speculative and remote, and because of the impossibility of the proof and allocation of these alleged damages.

## SEVENTEENTH DEFENSE

Richland has failed to plead conspiracy with the particularity as required by Fed. R. Civ. P. 9(f).

## EIGTEENTH DEFENSE

Deere denies that Richland is entitled to any relief from it but would state that any damages which may hereafter be awarded to Richland should be apportioned and/or offset pursuant to Mississippi Code § 85-5-7 and/or Mississippi Code § 11-7-15..

## NINETEENTH DEFENSE

Mississippi retailer agreement laws do not apply to rights fixed before its passage in 1997. See Mississippi Code § 75-77-1 *et seq.* (enacted 1997).

## TWENTEITH DEFENSE

Richland's claims are barred in whole or in part for failure to exhaust administrative remedies.

## TWENTY-FIRST DEFENSE

Although Deere does not presently have specific facts in support of its remaining defenses because of Richland's poorly pled Amended Complaint, it wishes to put counsel for Richland on notice that it raises the following affirmative defenses, as set forth in Rule 8, Fed. R.

Civ. P., should subsequent discovery disclose facts that support those defenses, including but not limited to: fraud; illegality; payment; release; *res judicata*; and waiver.

## PRAYER

AND NOW, having fully answered the allegations of Richland's Amended Complaint, Deere respectfully requests that this action be dismissed, with prejudice, and that there be judgment rendered in its favor, and that Richland be assessed with all costs. Deere further prays for all other relief as the Court deems just and proper.

Respectfully submitted, this 11th day of September, 2017.

                                        DEERE & COMPANY

                              By: */s/ Frank M. Holbrook*
                                    FRANK M. HOLBROOK, MB #2500
                                    LUTHER T. MUNFORD, MB #3653
                                    WILLIAM P. THOMAS, MB #102209

OF COUNSEL:

Frank M. Holbrook, MB #2500
BUTLER SNOW LLP
PO Box 171443
Memphis, TN 38187-1443
P: (901) 680-7312
F: (901) 680-7201
frank.holbrook@butlersnow.com


Luther T. Munford, MB #3653
William P. Thomas, MB #102209
BUTLER SNOW LLP
PO Box 6010
Ridgeland, MS 39158-6010
P: (601) 948-5711
F: (601) 985-4500
frank.holbrook@butlersnow.com
luther.munford@butlersnow.com
will.thomas@butlersnow.com

## CERTIFICATE OF SERVICE

I, Frank M. Holbrook, one of the attorneys for defendant Deere & Company, do hereby certify that I have this day filed with the Court's ECF system a true and correct copy of the foregoing **Deere & Company's Answer to Richland's Amended Complaint (Doc. 30)** and that a copy of same will be electronically delivered to the following:

>G. Allen Walsh
>601 Napoleon Street
>Baton Rouge, LA 70802
>gallenwalshlaw@gmail.com
>
>Robert C. Latham
>TRULY, SMITH & LATHAM, PLLC
>PO Box 1307
>Natchez, MS 39121-1307
>rclatham@bellsouth.net
>
>*Attorneys for Richland Equipment Company, Inc.*

SO CERTIFIED, this 11th day of September, 2017.

*/s/ Frank M. Holbrook*
Frank M. Holbrook
