# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**RICHLAND EQUIPMENT COMPANY,**
**INC.**                                                                                       **PLAINTIFF**

**V.**                                   **CIVIL ACTION NO. 5:17-CV-88-KS-MTP**

**DEERE & COMPANY**                                                               **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **denies** Plaintiff's Motion for Injunction Pending Appeal [35] and **denies as moot** Plaintiff's Motion for Status Conference [37].

## I. BACKGROUND

This case arises from dealer agreements between Plaintiff, a retailer in tractors and other outdoor/agricultural equipment, and Defendant, a manufacturer of such equipment. Plaintiff alleges that Defendant threatened to unlawfully terminate the dealer agreements and discontinue supplying inventory. Plaintiff alleges that termination of the dealer agreements will cause the closure of its business. Accordingly, Plaintiff filed this lawsuit, asserting a wide variety of claims.

On July 18, 2017, the Court denied Plaintiff's Motion for a Temporary Restraining Order [3] on the basis that Plaintiff had not certified in writing his efforts to provide notice to Defendant and/or its attorney and the reasons why notice and a hearing should not be required. *See* FED. R. CIV. P. 65(b)(1). But after a telephone conference with the attorneys of record, the Court set a preliminary injunction hearing for September 25, 2017. The parties agreed to maintain the status quo pending the

Court's ruling on Plaintiff's request for a preliminary injunction.

On July 31, 2017, Defendant filed a Motion to Compel Arbitration [10], based on an arbitration provision in the most recent dealer agreement, the Commercial Worksite Products Dealer Agreement ("CWP DA"). On August 11, 2017, Plaintiff filed an Amended Complaint [15] which, in its words, "omitted any claims arising under or related to" the CWP DA. Three days later, Plaintiff responded [16] to the Motion to Compel Arbitration, arguing that the Motion to Compel Arbitration should be denied because the CWP DA was no longer at issue in the case, and that the claims asserted in this case do not fall within the scope of the arbitration agreement. In reply, Defendant argued that an arbitration clause contained in a contract does not terminate merely because the contract has terminated, and that the arbitrator must determine the scope of the arbitration clause.

On September 13, 2017, the Court granted [33] Defendant's Motion to Compel Arbitration [10]. The Court found that "an arbitration agreement contained in a contract does not terminate merely because the contract has terminated," *Consorcio Rive v. Briggs of Cancun, Inc.*, 82 F. App'x 359, 363 (5th Cir. 2003) (citing *Nolde Bros. v. Bakery & Confectionary Workers Union*, 430 U.S. 243 , 249-55, 51 L. Ed. 2d 300, 97 S. Ct. 1067 (1977)),[1] and a dispute should still be referred to arbitration pursuant to an expired arbitration agreement if it falls within the scope of the agreement. *Tristar*

---

[1]*See also Tristar Fin. Ins. Agency, Inc. v. Equicredit Corp. of Am.*, 97 F. App'x 462, 466 (5th Cir. 2004); *Wilson-Broadwater v. Delta Career Educ. Corp.*, No. 1:16-CV-JSO-JCG, 2016 U.S. Dist. LEXIS 162547, at *14 (S.D. Miss. Nov. 23, 2016).

*Fin.*, 97 F. App'x at 466. Moreover, the Court found that the parties had expressly incorporated arbitration rules that indicated the parties' intent to delegate the issue of arbitrability to the arbitrator. *See Kubala v. Supreme Prod. Servs.*, 830 F.3d 199, 204 (5th Cir. 2016); *Petrofac, Inc. v. DynMcDermott Petroleum Operations Co.*, 687 F.3d 671, 675 (5th Cir. 2012). Therefore, the Court concluded that the parties had agreed to delegate all questions concerning the scope of the arbitration clause to the arbitrator. It granted Defendant's motion, ordered the parties to submit to arbitration, and dismissed the case without prejudice.

On September 15, 2017, Plaintiff filed a Notice of Appeal [34] and a Motion for Injunction Pending Appeal [35]. The motion is ripe for the Court's review.

## II. DISCUSSION

The Court considers four factors when considering a request for a stay of an order or judgment pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Planned Parenthood of Greater Tex. Surgical Health Servs. v. Abbott*, 734 F.3d 406, 410 (5th Cir. 2013). "[O]n motions for stay pending appeal the movant need not always show a 'probability' of success on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of equities weighs heavily in favor of granting the stay." *Ruiz*

3

*v. Estelle*, 666 F.2d 854, 856 (5th Cir. 1982). But "likelihood of success remains a prerequisite in the usual case . . . ." *Id.* If the movant has not demonstrated a likelihood of success on the merits, the Court will grant a stay "[o]nly if the balance of equities (i.e. consideration of the other three factors) is . . . heavily tilted in the movant's favor . . . , and, even then, the issue must be one with patent substantial merit." *Id.* at 857. The party seeking the injunction has the burden of proof. *Id.* at 856. "A stay is not a matter of right, even if irreparable injury might otherwise result to the applicant." *Abbot*, 734 F.3d at 410.

Among other things, Plaintiff argues that the Court erred insofar as the claims asserted in the Amended Complaint do not arise under the CWP DA, which contained the arbitration clause. Plaintiff now argues that the Court is not required to send the case to an arbitrator for a gateway determination of arbitrability because Defendant's argument that the case falls within the scope of the arbitration clause is "wholly groundless."[2]

As the Court noted in its previous opinion: "Just as the arbitrability of the merits of a dispute depends upon whether the parties agreed to arbitrate that dispute, so the question 'who has the primary power to decide arbitrability' turns upon what the parties agreed about *that* matter." *Brittania-U Nig., Ltd. v. Chevron USA, Inc.*, 866 F.3d 709, 2017 U.S. App. LEXIS 14692, at *7 (5th Cir. 2017). The Court must

---

[2]To be clear, this argument was not previously raised. At least one Court of Appeals has stated that a party can not obtain injunctive relief pending appeal on a basis that was not submitted at the time of the ruling under appeal. *See New York v. Nuclear Regulatory Comm'n*, 550 F.2d 745, 758 n. 7 (2d Cir. 1977).

4

determine whether the arbitration agreement contains a delegation clause, "a provision in an arbitration agreement that transfers the power to decide threshold questions of arbitrability to the arbitrator." *Reyna v. Int'l Bank of Commerce*, 839 F.3d 373, 378 (5th Cir. 2016). The question is whether the agreement "evinces an intent to have the arbitrator decide whether a given claim must be arbitrated." *Brittania-U*, 2017 U.S. App. LEXIS 14692 at *8. "If there is a delegation clause, the motion to compel arbitration should be granted in almost all cases." *Reyna*, 839 F.3d at 378.

But, as Plaintiff notes, "[t]he law of this circuit does not require all claims to be sent to gateway arbitration merely because there is a delegation provision." *Douglas v. Regions Bank*, 757 F.3d 460, 463 (5th Cir. 2014). "If the argument that the claim at hand is within the scope of the arbitration agreement is 'wholly groundless,'" then the Court need not subject the parties to "unnecessary and needlessly expensive arbitration." *Id* at 464. "An assertion of arbitrability is not 'wholly groundless' if 'there is a legitimate argument that th[e] arbitration clause covers the present dispute, and, on the other hand, that it does not.'" *IQ Prods. Co. v. WD-40 Co.*, No. 16-20595, 2017 U.S. App. LEXIS 17744, at *10 (5th Cir. Sept. 13, 2017) (quoting *Douglas*, 757 F.3d at 463) (alteration original). "So long as there is a 'plausible' argument that the arbitration agreement requires the merits of the claim to be arbitrated, a delegation clause is effective to divest the court of its ordinary power to decide arbitrability." *Id.* at *11 (quoting *Kubala*, 830 F.3d at 202 n. 1).

The arbitration clause in question provides:

5

> Although Dealer and John Deere are entering into this Agreement in a spirit of cooperation and mutual respect, it is possible that disputes may arise. Dealer, Affiliates (including without limitation guarantors of Dealer), Deere & Company and it's [sic] affiliates agree that any dispute shall be finally resolved by binding arbitration pursuant to the terms set forth in Schedule 4. The duty to arbitrate shall extend to any officer, employee, shareholder, principal, agent, partner, trustee (in bankruptcy or otherwise), or subsidiary of Dealer or an Affiliate as to any dispute that is subject to this Section 9 regardless of allegations against any third party.

Exhibit 3 to Complaint at 9, *Richland Equip. Co., Inc. v. Deere & Co.*, No. 5:17-CV-88-KS-MTP (S.D. Miss. July 3, 2017), ECF No. 1-5.

Defendant presented a plausible argument that the arbitration clause covers Plaintiff's claims concerning the other dealer agreements. First, while the reference to "disputes" in the first sentence could be interpreted as limiting the scope of the provision to disputes arising under the CWP DA, the second sentence plainly provides that "any dispute shall be finally resolved by binding arbitration . . . ." *Id.* At best, the provision is ambiguous, and "there is a legitimate argument that [the] arbitration clause covers the present dispute, and, on the other hand, that it does not." *Douglas*, 757 F.3d at 463 (alteration original).

Additionally, Defendant argues that the phrase "any dispute" should be interpreted broadly because "disputes" arising under the CWP DA could involve disputes under any previous dealer agreements because the contract contains a "cross-termination" provision. The CWP DA provides that "[t]he Company may cancel the Dealer's appointment at any time after . . . [t]ermination (or notice of termination) of any John Deere Dealer Agreement that the dealer, or an affiliate company, has with

6

the Company." Exhibit 3 [1-5], at 6. This is a plausible argument, and it provides support for Defendant's position regarding the scope of the disputed arbitration clause.

### III. CONCLUSION

For these reasons, the Court finds that Defendant's argument that Plaintiff's claims fall within the scope of the disputed arbitration provision is not wholly groundless. Therefore, the Court must enforce the arbitration provision's delegation clause, and Plaintiff has not shown that its position has patent substantial merit. The Court **denies** Plaintiff's Motion for Injunction Pending Appeal. Plaintiff's Motion for Status Conference is **denied as moot**.

SO ORDERED AND ADJUDGED this 19th day of October, 2017.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE